## American Hard Rubber Company, Defendant in Error, v. Thad H. Howe, Plaintiff in Error.

### Gen. No. 21,776.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Affirmed.  Opinion filed February 7, 1917.

### Statement of the Case.

Action on a contract of guaranty by American Hard Rubber Company, a corporation, plaintiff, against Thad H. Howe, defendant, to recover $2,000 and interest thereon and $10.50 court costs.  From a judgment for plaintiff for $2,000, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The statement of claim alleged a debt due to plaintiff from the Swiss American Vaporator Company of $2,000 balance for merchandise sold and delivered "to the defendant"; that the defendant guaranteed payment for such merchandise, that an action for that amount was brought against that company and, on admission of $1,040 due, judgment was entered for such amount, on which execution issued and was returned "no part satisfied"; that that company was insolvent and delay in reducing the balance of the $2,000 claimed to be due to plaintiff from that company which was disputed would endanger plaintiff's claim against the defendant.   Defendant's affidavit of merits was as follows:

"That said plaintiff did not furnish and deliver the goods, wares and merchandise mentioned in said order and guarantees; that there was no balance of $2,000 due on December 3, 1914; that Swiss American Vaporator Company has paid $100 on account of said judgment of $1,040 mentioned in said statement of claim; that defendant is not liable for costs and interest on said claim; that plaintiff on, to wit, March, 1915, in consideration of A. H. Preeman agreeing to pay $100 on said judgment and $100 each and every week thereafter until same was paid, agreed to extend the time of payment of plaintiff's claim so that same should be paid $100 cash on, to wit, March 1, 1915, and $100 each and every week thereafter, and that A. H. Preeman paid said plaintiff $100 on account of said agreement and agreed to pay plaintiff $100 each and every week thereafter."

This affidavit of merits was stricken from the files, and defendant ordered to file an amended affidavit in five days.   He elected to stand by this affidavit, and was defaulted and judgment entered.

HARRY A. BIOSSAT, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error; EDWARD L. ENGLAND, of counsel.

American Hard Rubber Co. v. Howe, 203 Ill. App. 353.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*what constitutes a clerical error in a statement of claim.* Where a statement of claim against a guarantor of payment for goods sold to a corporation set up that the goods were delivered "to the defendant" and that suit had been brought against the corporation for the debt, *held* that the words "to the defendant" were a clerical error and were shown by the entire statement to have referred to the corporation.

2. PLEADING, § 267*—*when clerical error may be corrected.* Where the context in a pleading affords the means of correction of a clerical error, the proper word will be deemed substituted.

3. GUARANTY, § 21*—*when guarantor is discharged.* Where an extension of time is given the principal for the payment of money due by him by a valid and binding agreement without his guarantor's consent, the latter is discharged.

4. PLEADING, § 153*—*when affidavit of merits filed by guarantor in action on guaranty is fatally defective.* An affidavit of merits filed by the guarantor of a debt when sued upon his guaranty which seeks to set up an extension of the time of payment as a defense is fatally defective in not alleging that such extension was without his consent.

5. PLEADING, § 153*—*when affidavit of merits may be declared insufficient in its entirety.* A court is not called upon to point out the particular parts of an affidavit of merits which are insufficient, and is warranted in holding it insufficient in its entirety.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.